## MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA*†
JOHN A. BOYLE*
ROSEANN BASSLER DAL PRA*

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425

\* ALSO ADMITTED IN NEW YORK
†ALSO ADMITTED IN PENNSYLVANIA

e-mail: kmarino@khmarino.com

March 5, 2013

**VIA ECF**

Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
   & Courthouse, Room 2060
50 Walnut Street
Newark, NJ 07102

      Re: *Aleynikov v. The Goldman Sachs Group, Inc.*
           Case No. 12 Civ. 5994 (KM-MAH)

Dear Judge Hammer:

      We write in brief response to Defendant's unauthorized letters of this date. In your Honor's February 20th Order, you gave GS Group leave to file an affidavit on <u>burden</u>. Instead, it seized the opportunity to file both an affidavit and a letter memorandum reviving its thrice-failed argument that documents relating to GS Group or GSCo's payments, agreements to pay, payments, or refusal to pay its employees' legal fees are somehow "irrelevant." Now that Aleynikov has filed his authorized response to that submission (which twice makes the bizarre claim that he is "bludgeoning" Goldman Sachs), GS Group has made yet another unauthorized submission, in the form of two letters to which Aleynikov now responds.

      The first of those letters, marked confidential, claims — for the first time in this litigation — that Aleynikov should be denied indemnification and advancement because he "was neither sued nor became involved in an investigation in connection with performing a business function in the ordinary course." That GS Group would make a desperate attempt to revive that specious claim is not surprising in light of the confidential deposition testimony referenced in Aleynikov's confidential March 4th submission, which need not be reiterated here, but that attempt is completely unavailing. As GS Group has never disputed, the federal and state cases against Aleynikov were clearly brought "by reason of his status" as an officer of GSCo within the meaning of the GS Group's By-Laws. That reality has not changed because, as detailed in Aleynikov's confidential March 4th submission, GS Group's representations to Judge McNulty and this Court regarding its historical approach to indemnification and advancement have now been exposed as "spin" at best — if not outright lies. Further, the irrelevant disclosures contained in GS Group's confidential letter of this date, coupled with its late-breaking suggestion that Messrs. Palm and Tropp, its hand-picked affiants, were not competent to provide relevant

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Michael A. Hammer, U.S.M.J.
March 5, 2013 — Page 2

testimony regarding its indemnification and advancement practices, stand as a bold testament to the baselessness of its position.

  With respect to its publicly-filed letter, GS Group makes the outlandish claim that Aleynikov "appears to be satisfied with the firm's efforts to compile the list as it stands." <u>He is not.</u> Aleynikov will be satisfied when he receives all documents relating to GS Group or GSCo's payments, agreements to pay, repayments, or refusal to pay the legal fees of non-clerical employees who have been investigated, sued, or indicted since March 22, 2007. Rolling production of those documents should begin immediately — just as rolling production of the other documents this Court ordered produced should have begun already.

  Without reference to the unpaid indemnification to which he is clearly entitled for his successful federal defense, Aleynikov's claim for "advancement" alone is now approaching one million dollars in legal fees and expenses between this litigation and his state court prosecution. Under the circumstances, he wishes to renew his indemnification and advancement claims as soon as possible. Accordingly, he respectfully urges the Court to deny GS Group's meritless claims of burden forthwith and direct it to immediately begin producing documents responsive to RFP No. 5 and all other responsive documents.

  Thank you for your consideration of this submission.

            Respectfully submitted,

            Kevin H. Marino

cc: A. Ross Pearlson, Esq. (via email)
   Matthew W. Friedrich, Esq. (via email)