**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW
437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425

KEVIN H. MARINO
JOHN D. TORTORELLA**
JOHN A. BOYLE*
ROSEANN BASSLER DAL PRA*

\* ALSO ADMITTED IN NEW YORK
† ALSO ADMITTED IN PENNSYLVANIA

e-mail: jtortorella@khmarino.com

October 8, 2013

**VIA ECF AND REGULAR MAIL**

Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
   & Courthouse, Room 2060
50 Walnut Street
Newark, NJ  07102

      Re:   *Aleynikov v. The Goldman Sachs Group, Inc.*
              Case No. 12 Civ. 5994 (KM-MAH)

Dear Judge Hammer:

      Sergey Aleynikov ("Aleynikov") respectfully submits this letter in response to the Motion to Seal filed by Goldman Sachs on September 30, 2013.

      In the Memorandum of Law submitted in support of its motion, Goldman Sachs claims to have "carefully review all of the materials provisionally sealed and now seeks only to seal private information of non-parties identified on the Confidential Lists provided to Aleynikov, and non-public information relating to those individuals and the matters with which they became involved." (Pl. Br. [ECF No. 167-1] at 5 n.4.)  Goldman Sachs goes on to state that "[t]he parties agree that portions of certain court filings in this matter should be sealed to protect the confidentiality interest of the firm and its personnel who became involved in unrelated and often non-public investigations or legal proceedings." Id. at 6-7.  Because Goldman Sachs overstates the scope of the parties' agreement, we write briefly to make Aleynikov's position clear.

      Goldman Sachs correctly notes that Aleynikov previously "agree[d] that the names on these lists may be properly sealed except to the extent that an individual's involvement in an investigation, suit or criminal proceeding is already a matter of public record." (Pl. Br. [ECF No. 167-1] at 4-5.)[1]  Aleynikov stands by that position, but Goldman Sachs's proposed redactions of the lists, depositions transcripts and other discovery materials appear to go much further.  Based on our review of the lists of persons for whom GS Group and GSCo paid legal fees (Pearson Decl. Exs. 8, 10 and 11) many of the persons whose names Goldman Sachs seeks to redact have

---

[1] We remain mindful that even if the parties were in full agreement regarding what materials could properly be sealed, "defendant's burden would not be lifted and this Court would still need to independently and carefully review the motions to determine if defendant satisfied its burden." (ECF No. 156, Order Denying Motion to Seal, at 3 n.2.)

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Hon. Michael A. Hammer, U.S.M.J.
October 8, 2013 — Page 2

been publicly identified in connection with investigations, lawsuits, hearings or other proceedings. Goldman Sachs apparently seeks to redact their names because although the proceedings in which those persons are involved are publicly known, the fact that the firm arranged for their legal counsel to be paid is not. (Pl. Br. [ECF No. 167-1] at 9.) Whether the fact of Goldman Sachs's financial backing is the type of information that could cause an employee "serious injury" within the meaning of L. Civ. R. 5.3(c)(2) is a question for the Court. Goldman Sachs has made no showing to support such a finding. Insofar as Goldman Sachs has demonstrated (or can demonstrate) that an employee's involvement in legal proceedings was wholly non-public, we agree that the employee's privacy interest could warrant sealing; to the extent Goldman Sachs cannot make such a showing, we do not agree.

    Thank you for your continuing attention to this matter.

Respectfully yours,

John D. Tortorella

cc:    All counsel of record (via ECF and email)