UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEY ALEYNIKOV, <br><br> Plaintiff, <br><br> v. <br><br> THE GOLDMAN SACHS GROUP, INC., <br><br> Defendant. | Civ. No. 12-5994 (KM) <br><br> **ORDER** |

This matter having been opened to the court on a renewed motion for summary judgment (ECF 130) of the plaintiff, Sergey Aleynikov, by his counsel, Marino Tortorella & Boyle, P.C. (Kevin H. Marino, Esq., appearing), seeking advancement and indemnification of legal fees and expenses; and defendant, Goldman Sachs Group, Inc. ("GS Group"), along with Goldman, Sachs & Co. ("GSCo"), by their counsel, Wolff & Samson PC (A. Ross Pearlson, Esq., appearing) and Boies, Schiller & Flexner LLP (Matthew W. Friedrich, Esq., and Jonathan M. Shaw, Esq., appearing *pro hac vice*), having opposed the motion; and GS Group and GSCo having cross-moved for summary judgment (ECF No. 143); and the Court having heard oral argument and reviewed the parties' submissions in support of and in opposition to the motions, as well as prior filings in the case; and good cause appearing therefor;

IT IS this 16th day of October, 2013

ORDERED, as follows:

1. Plaintiff's motion for summary judgment is **GRANTED IN PART** as to advancement only. Defendant is ordered to pay Aleynikov's legal fees and expenses incurred to date in connection with the State Action, and to pay such fees and expenses periodically as they are incurred going forward.
2. Magistrate Judge Hammer will supervise the payment process.
3. MTB and Aleynikov shall periodically submit copies of their bills and time records in support of periodic applications for fees and expenses. Descriptions of services may be reasonably redacted to avoid

disclosure of privileged material. Goldman will be given a reasonable period of time, to be set by the Magistrate Judge, to review such submissions and submit any objections.

4. MTB and Aleynikov may also periodically submit copies of bills and time records in support of their application for "fees on fees," *i.e.*, certain fees and expenses incurred in this action, that are reasonably attributable to litigation of the advancement issue upon which Plaintiff has prevailed. Descriptions of services may be reasonably redacted to avoid disclosure of privileged material, and Goldman will be given a reasonable period of time, to be set by the Magistrate Judge, to respond.

5. Plaintiff's motion for summary judgment is otherwise **DENIED**. Goldman's cross-motion for summary judgment is **DENIED**. Both of these denials are without prejudice to renewal if and as appropriate when discovery is complete.

6. It appears that there remains at least one sealing motion pending before Magistrate Judge Hammer. This Order and Opinion are temporarily **SEALED**, and should not be disseminated beyond counsel and clients. On or before Monday, October 21, 2013, counsel shall submit a letter, not to exceed 3 pages, stating their positions as to whether any of the material in the Order or Opinion should be sealed and proposing appropriate redactions. At that time, I will either unseal the original Order and Opinion or publicly file a redacted version.

_____
**KEVIN MCNULTY**
**United States District Judge**