UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEY ALEYNIKOV,<br><br>    Plaintiff,<br>v.<br><br>THE GOLDMAN SACHS GROUP, INC.,<br><br>    Defendant<br><br>THE GOLDMAN SACHS GROUP, INC. and GOLDMAN, SACHS & CO.<br><br>    Counterclaim Plaintiffs<br>v.<br><br>SERGEY ALEYNIKOV,<br><br>    Counterclaim Defendant. | No. 12-cv-5994-KM-MAH<br><br>**DECLARATION OF A. ROSS PEARLSON IN SUPPORT OF GOLDMAN SACHS' MOTION TO SEAL** |

A. Ross Pearlson, of full age and upon his oath, declares as follows:

1. I am an attorney at law of the State of New Jersey and a member of the firm of Wolff & Samson PC.

2. I submit this declaration in support of Defendant/Counterclaim Plaintiff The Goldman Sachs Group, Inc.'s and Counterclaim Plaintiff Goldman, Sachs & Co.'s (collectively "Goldman Sachs" or the "firm") motion to seal.

3. On September 30, 2013, Goldman Sachs filed a motion to seal (i) certain private information concerning non-party Goldman Sachs personnel who have been investigated, sued, or indicted, to whom GS Group or GSCo advanced and/or paid legal fees since March 22, 2007

and whose involvement in such investigations, suits, or indictments is not publicly known and (ii) irrelevant portions of certain individual's severance agreements with the firm.[1]

4. On October 21, 2013, Goldman Sachs withdrew a request for the redaction of the name of one employee and requested that the relief sought in its September 30, 2013 motion to seal be adjusted accordingly. [ECF No. 173]

5. On October 29, 2013, the Court denied without prejudice Goldman Sachs' September 30, 2013 motion to seal, so that it could be re-filed to incorporate the withdrawal of certain redaction requests by Goldman Sachs. [ECF No. 190].

6. Accordingly, subject to the change referenced in its letter dated October 21, 2013, Goldman Sachs renews its motion to seal specific portions of the following:

   a. Document dated December 8, 2010 with Bates range GSG 1861 – GSG 1862 (ECF No. 149-14), a redacted copy of which is attached as Exhibit 2.

   b. Document dated December 15, 2010 with Bates range GSG 1887 – GSG 1892 (ECF No. 149-16), a redacted copy of which is attached as Exhibit 3.

   c. Document dated January 24 to January 25, 2011 with Bates range GSG 1447 (ECF No. 149-15), a redacted copy of which is attached as Exhibit 4.

   d. Documents dated August 3, 2011 to August 5, 2011 with Bates range GSG 1904 – GSG 1905 (ECF No. 149-13), a redacted copy of which is attached as Exhibit 5.

   e. Document dated June 1, 2012 with Bates range GSG 1883 – GSG 1886 (ECF No. 149-17), a redacted copy of which is attached as Exhibit 6.

---

[1] By way of a letter dated October 8, 2013 [ECF No. 169], Aleynikov's counsel agreed that "names [of present and former Goldman Sachs employees] should be sealed except to the extent the individual's involvement in an investigation, suit, or criminal proceeding is a matter of the public record."

f. Document dated June 1, 2012 through August 10, 2012 with Bates range GSG 1867 – GSG 1868 (ECF No. 149-18), a redacted copy of which is attached as Exhibit 7.

g. Confidential Letter from A. Ross Pearlson to Kevin H. Marino dated February 26, 2013 (ECF No. 133-13), a redacted copy of which is attached as Exhibit 8.

h. Transcript of the Deposition of Gregory Palm dated February 27, 2013 (ECF Nos. 133-7, 149-2), a redacted copy of which is attached as Exhibit 9.

i. Confidential Letter from A. Ross Pearlson to Kevin H. Marino dated March 8, 2013 (ECF No. 133-14), a redacted copy of which is attached as Exhibit 10.

j. Confidential Letter from A. Ross Pearlson to Kevin H. Marino dated March 21, 2013 (ECF No. 133-15), a redacted copy of which is attached as Exhibit 11.

k. Transcript of the May 23, 2013 hearing before the Honorable Michael J. Hammer, U.S.M.J. (ECF No. 122), a redacted copy of which is attached as Exhibit 12.

l. Transcript of the Deposition of Norman Feit dated July 1, 2013 (ECF Nos. 133-10, 149-12),a redacted copy of which is attached as Exhibit 13.

m. Memorandum of Law in Support of Plaintiff's Renewed Motion for Summary Judgment on His Claims for Advancement, Indemnification, Fees on Fees and Prejudgment Interest dated July 24, 2013 (ECF No. 131),a redacted copy of which is attached as Exhibit 14.

n.  Plaintiff's Statement of Material Facts Not in Dispute dated July 24, 2013 (ECF No. 132), a redacted copy of which is attached as Exhibit 15.

o.  Memorandum of Law in Opposition to Aleynikov's Motion for Summary Judgment and in Support of GS Group's Cross-Motion for Summary Judgment dated August 7, 2013 (ECF No. 145), a redacted copy of which is attached as Exhibit 16.

p.  GS Group's Statement of Material Facts in Support of GS Group's Cross-Motion for Summary Judgment and Supplemental Statement of Material Facts in Further Opposition to Aleynikov's Motion for Summary Judgment dated August 7, 2013 (ECF No. 146), a redacted copy of which is attached as Exhibit 17.

q.  GS Group's Response to Aleynikov's Statement of Material Facts Not in Dispute dated August 7, 2013 (ECF No. 147), a redacted copy of which is attached as Exhibit 18.

r.  Declaration of Melissa A. Salimbene in Opposition to Aleynikov's Motion for Summary Judgment and in Support of GS Group's Cross-Motion for Summary Judgment dated August 7, 2013, a redacted copy of which is attached as Exhibit 19 (ECF No. 149).

s.  Memorandum of Law in Further Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment dated August 14, 2013 (ECF No. 153), a redacted copy of which is attached as Exhibit 20.

7.  One new item has been placed on the record since the September 30, 2013 Order that Goldman Sachs also requests be permanently redacted under seal – the October 21, 2013 letter from A. Ross Pearlson to Judge McNulty and Judge Hammer (ECF No. 173). On October 17, 2013, Judge McNulty requested that the parties submit redaction requests vis-à-vis the October 16, 2013 Opinion and Order. By way of the October 21, 2013 letter, which was filed under seal, in addition to requesting that the relief sought in the September 30, 2013 motion be modified to remove redactions as to one individual, Goldman Sachs identified another individual identified in the October 16, 2013 Opinion whose involvement in legal matters is not publicly known and whose identity should be redacted in the Opinion. Judge McNulty redacted that individual's name in the October 22, 2013 Redacted Opinion. A copy of the October 21, 2013 letter is attached hereto as Exhibit 21.

8.  Other than the removal of redactions concerning the one individual referenced in the October 21, 2013 letter (and seeking the redaction of the other individual identified in the October 21, 2013 letter), the above-proposed redactions are identical to those set forth in the September 30, 2013 motion.

9.  The portions of the documents that Goldman Sachs seeks to seal concern private information concerning non-party Goldman Sachs personnel who have been investigated, sued, or indicted, to whom GS Group or GSCo advanced and/or paid legal fees since March 22, 2007 and whose involvement in such investigations, suits, or indictments is not publicly known (the "confidential information"). Notably, because it is often impossible to know whether someone who becomes involved in an investigation is the object of the investigation or merely a witness, GS Group necessarily identified many individuals who were neither investigated nor involved

4263939.2

in a legal proceeding, but for whom the firm arranged counsel. Additionally, Goldman Sachs seeks to seal irrelevant portions of certain individual's severance agreements with the firm.

10. The confidential information was timely designated as "Confidential" and/or "Attorneys' Eyes Only" under the February 25, 2013 Stipulation and Protective Order in this matter (ECF No. 81). Each list attached to the February 26, March 8, and March 21, 2013 confidential letters to Aleynikov's counsel was designated "Confidential" and "Attorneys' Eyes Only." Each document GS Group produced to Aleynikov in expedited discovery concerning an individual identified on the confidential lists also was designated "Confidential" and "Attorneys' Eyes Only."

11. Goldman Sachs has prepared a chart (i) identifying the documents and portions thereof in which confidential information appears and (ii) explaining the grounds for sealing as to each entry. This chart is attached as Exhibit 1.

12. The confidential information should properly be sealed under Local Rule 5.3 for the reasons set forth in the September 30, 2013 memorandum of law in support of the motion to seal [ECF No. 167-1], specifically:

(i) **The nature of the materials or proceedings at issue:** The portions of the documents that Goldman Sachs seeks to seal concern private information relating to non-party Goldman Sachs personnel who were identified in discovery as persons for whom GS Group or GSCo arranged counsel since March 22, 2007 in connection with investigations or legal proceedings and non-public information concerning such investigations or legal proceedings (the "confidential information"). Additionally, Goldman Sachs seeks to seal irrelevant portions of certain individual's severance agreements with the firm.

(ii) **The legitimate private or public interests which warrant the relief sought:** The relief sought is warranted by the privacy interests of the firm and of non-party personnel in avoiding undue speculation, embarrassment, and harassment. There is no public interest in disclosure of this private information, which does not involve the public health or safety and the details of which are not germane to any material issue in this case.

(iii) **The clearly defined and serious injury that would result if the relief sought is not granted:** The injury resulting from public disclosure is that the firm and certain of its employees would be subject to undue speculation, embarrassment, and harassment if confidential information concerning their involvement in litigation or legal proceedings or information concerning such investigations or proceedings were disclosed to the public. Goldman Sachs is a widely recognized and highly visible investment banking and securities firm which, from time to time, has been the subject of government investigations and litigation. Accordingly, certain Goldman Sachs personnel become involved in those matters, often in circumstances in which the precise nature of their involvement is, by the nature of a confidential government investigation, unclear to the firm. Disclosure of such a highly sensitive matter as an individual's or the firm's non-public involvement in an investigation or legal action would spur inquiries from the press and others, thereby bringing adverse attention to the firm and to individuals who often were simply witnesses interviewed by an investigating entity. Indeed, many of the individuals for whom the firm arranged counsel in the context of an investigation might not have, in fact, been investigated at all, but rather were likely involved in an investigation merely as a witness. For such individuals, public disclosure of their involvement in an investigation would prompt false public speculation that they were targets of an investigation when they actually were simply innocent witnesses not even suspected of

…
…

wrongdoing. Similarly, individuals who entered into severance agreements with Goldman Sachs have an interest in maintaining the privacy of those agreements. Redacting such private information from court filings in this matter is the only way to protect the privacy interests of the firm and of such non-parties; and

**(iv)     Why no less restrictive alternative to the relief sought is available:** No less restrictive method of protection than limited redaction of such private information is available. Absent the requested sealing, that information will no longer be protected.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of November, 2013.

/s/ A. Ross Pearlson
A. ROSS PEARLSON

4263939.2