UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEY ALEYNIKOV,<br><br>Plaintiff,<br><br>v.<br><br>THE GOLDMAN SACHS GROUP, INC.,<br><br>Defendant<br><br>---<br><br>THE GOLDMAN SACHS GROUP, INC. and GOLDMAN, SACHS & CO.<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>SERGEY ALEYNIKOV,<br><br>Counterclaim Defendant. | No.: 12-cv-5994-KM-MAH<br><br>**ORDER TO SEAL** |

THIS MATTER having been opened to the Court by Wolff & Samson PC (A. Ross Pearlson, Esq.) and Boies, Schiller & Flexner LLP (Christopher E. Duffy, Esq. and Jonathan M. Shaw, Esq.), counsel for Defendant/Counterclaim Plaintiff The Goldman Sachs Group, Inc. ("GS Group") and Counterclaim Plaintiff Goldman, Sachs & Co. ("GSC.") (collectively "Goldman Sachs"), on notice to Marino, Tortorella & Boyle, P.C. (Kevin H. Marino, Esq.), attorneys for Plaintiff / Counterclaim Defendant, for an order sealing certain information in court filings in this matter, and the Court having considered the papers submitted, and for good cause shown;

IT IS on this ___ day of _____, 2013, ORDERED as follows:

3894084.1

4273333.1

1. Goldman Sachs' motion to seal be and is hereby granted.

2. The within application complies with Local Civil Rule 5.3(c)(2).

3. With respect to each of the entries on the chart of proposed redactions attached as Exhibit 1 to the Declaration of A. Ross Pearlson dated November 22, 2013, the Court finds as follows:

   a. The information Goldman Sachs seeks to seal implicates the privacy interests of Goldman Sachs and of current or former employees of the firm who are not parties to this litigation.

   b. The relief sought is warranted by those privacy interests. There is no discernible public interest in disclosure of the identities or other sensitive and private information regarding the involvement of such persons or of Goldman Sachs in non-public investigations and legal matters, the non-public details of such investigations or matters, or the terms of their severance agreements with Goldman Sachs. The private information does not implicate the health or safety of the public.

   c. If public disclosure of the information to be sealed were made, the privacy of interests of Goldman Sachs and of these non-party individuals would be invaded and they would be subject to undue speculation, embarrassment, or harassment. Goldman Sachs is a widely recognized and highly visible investment banking and securities firm which, from time to time, has been the subject of government investigations and litigation. Disclosure of such non-public information would prompt inquiries from the press and others, thereby bringing adverse attention to Goldman Sachs and its personnel who

3894084.1

4273333.1

       often were simply witnesses interviewed by an investigating entity. Moreover, with respect to persons who never were subjects of investigation, public disclosure of their involvement in an investigation would prompt false public speculation that they were targets of an investigation when they actually were innocent witnesses not suspected of wrongdoing.

  d. Redacting such private information from court filings in this matter is the only way to ensure the privacy of the firm and of those non-party individuals identified in Goldman Sachs' discovery responses. No less restrictive method of protection than limited redaction of confidential information is available. Absent the requested sealing, that information will no longer be protected.

  e. Similarly, redacting the terms of certain individuals' severance agreements with Goldman Sachs is the only practicable method of protecting their privacy.

4. Given these factual findings, the Court concludes that the interest in sealing the confidential information outweighs any public interest in disclosure, that there is good cause for sealing the portions of the documents identified in Exhibit 1 to the Pearlson Declaration, and that sealing each of the document portions identified therein is in the interests of justice.

5. Accordingly, the redacted versions of the identified documents, which are attached as exhibits to the Pearlson Declaration, shall constitute the public versions of those filings. Any submission provisionally filed under seal in unredacted form and specifically identified in Exhibit 1 to the Pearlson Declaration shall be maintained under seal by the Clerk of the Court.

3894084.1

4273333.1

Hon. Michael A. Hammer U.S.M.J.

3894084.1

4273333.1