## MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA\*+
JOHN A. BOYLE\*
ROSEANN BASSLER DAL PRA\*

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425

\*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA
e-mail: kmarino@khmarino.com

November 25, 2013

**VIA ECF**

Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
 & Courthouse, Room 2060
50 Walnut Street
Newark, NJ  07102

   Re: *Aleynikov v. The Goldman Sachs Group, Inc.*
     Case No. 12 Civ. 5994 (KM/MAH)

Dear Judge Hammer:

  On behalf of Plaintiff/Counterclaim Defendant, Sergey Aleynikov ("Aleynikov"), we write to respond to the motion to seal [ECF No. 197] filed by Defendant/Counterclaim Plaintiff The Goldman Sachs Group, Inc. and Counterclaim Plaintiff Goldman, Sachs & Co. (collectively, "Goldman Sachs"). The documents Goldman Sachs filed provisionally under seal relate to the objection it filed on November 11, 2013 [ECF Nos. 198-99] (the "Objection"), to Aleynikov's legal fees and expenses incurred to defend the ongoing state criminal action and to bring this action for advancement. For the reasons set forth below, we do not believe the Objection meets the criteria for sealing.

  The Declaration of A. Ross Pearlson (the "Pearlson Declaration") notes correctly that on October 18, 2013, Aleynikov produced to Goldman Sachs the billing records relating to the categories of legal fees and expenses Goldman Sachs was ordered to pay in Judge McNulty's Order dated October 16, 2013 (the "Billing Records").[1] (Pearlson Decl., ¶ 5.) Although paragraph 7 of the Pearlson Declaration states that the Objection "attaches" the Billing Records,

---

[1] Aleynikov produced the Billing Records to Goldman Sachs and your Honor (*in camera*), in unredacted form, to facilitate assessment of the reasonableness of the legal fees and expenses he incurred. We note that as part of its unauthorized submission on November 22, 2013, Goldman Sachs attached copies of the Billing Records [ECF No. 207-3] and submitted a motion to seal those materials [ECF Nos. 208, 209]. Although Aleynikov's response to that motion is not due until December 6, 2013, we note that the substance of the Billing Records at issue there, as opposed to the attorney billing rates and hours expended at issue here, should remain under seal because they reveal, among other things, Aleynikov's litigation strategy. See Pal v. University of Med. & Dentistry of N.J., 22 Civ. 06911, 2013 U.S. Dist. LEXIS 123523, at \*5-6 (D.N.J. Aug. 29, 2013) (ordering that retainer agreement and document revealing summary of work and time spent would remain under seal pursuant to L.Civ.R. 5.3(c)).

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Michael A. Hammer, U.S.M.J.
November 25, 2013 – Page 2

the Objection summarizes and categorizes the billing rates and fees charged by certain attorneys in our firm but does not attach the Billing Records themselves or reveal the substance of any legal services rendered. The law does not support sealing a firm's billing rates or the amount requested in advancement/"fees on fees." See In re: High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 230 (5th Cir. 2008) ("Attorneys' fees . . . are not state secrets that will jeopardize national security if they are released to the public."); Procaps S.A. v. Patheon Inc., 2013 U.S. Dist. LEXIS 156994, at *17 (S.D. Fla. Nov. 1, 2013) (holding that "attorney's hourly rates are [not] the sort of confidential information that warrants the secrecy provided by a sealing order."); Bourne v. Town of Madison, 05 Civ. 365, 2007 U.S. Dist. LEXIS 44916 (D.N.H. June 19, 2007) (denying motion to seal where movant failed to support contention that billing statements should be sealed because they contained competitive information concerning rates and fees). Consistent with that case law, Goldman Sachs — in its most recent submission — publicly filed certain billing records reflecting the rates charged by the Allen & Overy firm to defend Goldman Sachs Vice President Fabrice Tourre. [ECF No. 207-4.] Because the Objection does not attach the Billing Records themselves or reveal the substance of the legal work our firm provided to Aleynikov, we do not believe the Objection meets the standard for sealing under L.Civ.R. 5.3(c)(2).

Thank you for your consideration of this submission.

Respectfully,

Kevin H. Marino

cc:    Christopher E. Duffy, Esq. (via email)
        A. Ross Pearlson, Esq. (via ECF & email)