**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SERGEY ALEYNIKOV,** | Civ. No. 12-5994 (KM-MAH) |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION & ORDER** |
| **THE GOLDMAN SACHS GROUP, INC.,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on the expedited renewed motion (ECF No. 263) of Plaintiff Sergey Aleynikov for summary judgment on his claim for advancement of fees against Defendant The Goldman Sachs Group, Inc., the parent company of his former employer, Goldman, Sachs & Co. For the reasons set forth below, Aleynikov's motion is **DENIED**.

I awarded summary judgment to Aleynikov (ECF No. 174), but the Third Circuit reversed my decision, *Aleynikov v. Goldman Sachs Group, Inc.*, 765 F.3d 350 (3d Cir. 2014). Aleynikov's motion does not raise any argument that was not before me on his previous motion for summary judgment, or before the Third Circuit on appeal from my decision. He claims, however, that the Third Circuit's decision left open the possibility of an award of summary judgment based on Delaware public policy. I disagree and hold that the mandate of the Court of Appeals, fairly read, requires me to deny this renewed summary judgment motion.

### I.    DISCUSSION

Aleynikov argues that Delaware "has a strong statutory policy

favoring advancement" and that "Delaware courts broadly, liberally, and expeditiously construe mandatory advancement provisions." (Pl. Mot. 1, ECF No. 263). He contends that the Third Circuit, focusing on *contra proferentem,* never addressed the argument that "ambiguity in an advancement provision, regardless of who drafted it and their reasons for doing so, and regardless of how that ambiguity might ultimately be resolved, compels a summary finding of advancement." (Pl. Mot. 3–4). That public policy argument, he says, is independent of the majority's basis for reversal: that the advancement provision was ambiguous, and that the ambiguity could not be resolved by *contra proferentem.* According to Aleynikov, even if the term "officer" remains ambiguous, "Delaware's strong statutory policy favoring advancement, and its uniform case law broadly and liberally interpreting mandatory advancement provisions, render it unnecessary to resolve that ambiguity." (Pl. Mot. 4).[1]

I thoroughly considered Aleynikov's public policy argument in my opinion awarding Aleynikov summary judgment on the advancement claim. (ECF No. 174). Indeed, I agreed with him that Delaware has a strong policy in favor of advancement of fees. Two judges of a three-judge panel of the United States Court of Appeals for the Third Circuit, however, found that I had erred in awarding summary judgment. The dissenting opinion of Judge Fuentes expresses disagreement with the majority holding, but only confirms that the public policy issue was placed before, and considered by, that Court.

To be sure, the majority opinion does not explicitly discuss Delaware's pro-advancement public policy. The majority's substantive discussion, however, begins with this sentence: "The propriety of the

---

[1]      I consider the record compiled on the earlier summary judgment motion to be incorporated by reference on this motion. Because the facts and procedural history of this case are amply discussed in earlier opinions, I do not summarize them here.

District Court's grant of summary judgment in Aleynikov's favor hinges on the interpretation of the term officer." 765 F.3d at 358. The majority treated the interpretation issue as fundamental; it did not approach the interpretation issue as but one of two alternative means of skinning this cat. Both the reasoning of the majority and its holding made two things clear: (1) the task of this district court is to resolve the ambiguity as to the term "officer"; and (2) the state of the record does not permit that ambiguity to be resolved on summary judgment. *See id.* at 367–68.

I am confirmed in that conclusion by the dissenting opinion of Judge Fuentes. Judge Fuentes first states that the term "officer" is ambiguous, but states his belief "that Delaware has clearly stated the rule for deciding between competing interpretations of an ambiguous term: courts should construe the ambiguous term in the corporate instrument against the drafter...." 765 F.3d at 368. Woven through the rest of the dissent is a discussion of Delaware's strong public policy in favor of advancement. The tenor throughout, however, is that consideration of public policy should inform the court's analysis and tip it the other way: "I believe Delaware law compels this conclusion, as does the public policy animating Delaware's interpretation of governing documents," *id.* at 368; "applying [*contra proferentem*] . . . furthers Delaware public policy by encouraging clearer drafting, and by protecting the reasonable expectations of the relevant stakeholders," *id.* at 371; "[t]he distinction drawn by the majority not only lacks any basis in Delaware law, it also lacks any clear policy rationale," *id.* at 373 (Fuentes, J., dissenting). At any rate, the public policy issue that Aleynikov raises now was at the very heart of the disagreement between the majority and the dissent. And the dissenting view, by definition, did not prevail.[2]

---

[2]     Parenthetically, I should note that my own opinion did not go so far as to state that Delaware public policy made resolution of the ambiguity via *contra*

Pursuant to Fed. R. App. P. 41, the Court of Appeals issued its mandate and directed that the matter be remanded to this Court "for further proceedings consistent with this opinion." *Id.* at 367. This trial court is obligated to follow the letter and spirit of that mandate without deviation. *United States v. Kennedy*, 682 F.3d 244, 253 (3d Cir. 2012); *E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 362 (3d Cir. 2012), *as amended* (Nov. 15, 2012); *General Universal Systems, Inc. v. Hal, Inc.*, 500 F. 3d 444, 454 (5th Cir. 2007); *Huffman v. Saul Holdings Ltd P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001); *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991).[3] I read the mandate as encompassing a rejection of the proposition that, even setting aside *contra proferentem,* Delaware public policy is a sufficient independent basis to award summary judgment to Aleynikov.

Aleynikov urges that, under the Court of Appeals majority's approach, his urgent claim for advancement may become moot. (*See* Pl. Mot. 5). That reality, which informed my now-reversed decision, furnishes no basis to disregard or circumvent the appellate court's mandate, which will guide the remainder of the case.[4]

---

*proferentem* superfluous. Like Judge Fuentes, I regarded public policy as, *inter alia,* a strong indicator that Delaware law would favor the employment of *contra proferentem* in this context.

[3]      The mandate rule contains a limited exception for the case of changed factual circumstances or a change in the law. *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009); *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414–15 (4th Cir. 2005); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005); *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993). No such claim is made here, however; Aleynikov reasserts a legal theory that he had pressed previously, presenting it as an alternative.

[4]      I am sympathetic to Aleynikov's concerns, but the obstacle he faces—like so many issues in diversity cases—may ultimately come down to an *Erie* issue. Delaware law provides an advancement remedy, and its Courts of Chancery provide a summary procedure that may assist in invoking it. DGCL § 145(k). As I held earlier, however, *Erie* does not permit a federal court to adopt state summary procedures (ECF No. 44 at 23–24; ECF No. 174 at 29–30 n.18). AS a

## II.    CONCLUSION

Accordingly, based on this Opinion, and for good cause shown;

**IT IS** this 16th day of January, 2015,

**ORDERED** that Plaintiff's renewed motion for summary judgment (ECF No. 263) is **DENIED**.

**Kevin McNulty**
**United States District Judge**

---

practical matter, the federal court options may be limited to summary judgment or trial—procedural tools not designed with state provisional remedies specifically in mind. And the Court of Appeals has now held that *contra proferentem,* at least under these circumstances, is not available as a work-around.