UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEY ALEYNIKOV,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE GOLDMAN SACHS GROUP, INC.,<br><br>　　　　Defendant.<br><br>---<br><br>THE GOLDMAN SACHS GROUP, INC., and GOLDMAN, SACHS & CO.,<br><br>　　　　Counterclaim Plaintiffs,<br><br>v.<br><br>SERGEY ALEYNIKOV,<br><br>　　　　Counterclaim Defendant. | Civ. No. 12-5994 (KM-MAH)<br><br><br><br>MEMORANDUM OPINION and ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

　　This matter comes before the court on the motion (ECF no. 316) of Goldman, Sachs & Co. ("GSCo") and The Goldman Sachs Group, Inc. ("GS Group") (together, "Goldman") for partial reconsideration of this Court's Order (ECF no. 313) and Opinion ("CIR Op.", ECF no. 312), filed on October 28, 2016. Goldman urges that my denial of its motion to strike or dismiss the Counterclaim in Reply (ECF no. 286) of Sergey Aleynikov, to the extent it found that lack of probable cause was adequately alleged, is inconsistent with my ruling in a parallel case against the federal agents, *Aleynikov v. McSwain,* Civ. No. 15-1170 (ECF nos. 38–39, as amended, ECF nos. 52–53). I am said to have "overlooked" my own opinion, despite having discussed and distinguished it in the CIR Opinion. Also allegedly overlooked were the "objective" nature of

1

probable cause, and a 2004 Second Circuit case. For the reasons stated herein, the motion is denied.

The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

None of those criteria for reconsideration are met here. Nothing raised by Goldman in its reconsideration motion was unavailable at the time of the original decision or overlooked by the Court. The motion would be denied on that basis alone, but I will nevertheless review the grounds briefly.

As set forth in the CIR Opinion, Aleynikov's CIR alleges that Goldman furnished the following facts to the FBI and prosecutors, knowing them to be false: that Aleynikov committed a federal offense; that he was not authorized to copy the source code; that he copied the "entire platform" for Goldman's HFT business; that the code was worth a billion dollars; and that it empowered the

person who held it to unfairly manipulate the financial markets. (CIR ¶¶ 2, 12, 33) Applying a Rule 12(b)(6) standard, I held as follows:

> Lack of probable cause, too, is adequately alleged. The CIR alleges that the facts supplied to the investigators, as outlined above, were knowingly false. It also alleges that these facts failed to make out a criminal offense as a matter of law. At a later stage, these claims may face daunting factual obstacles. In another context, I have dismissed analogous § 1983 and *Bivens* malicious prosecution allegations as against the federal agents. (*See Aleynikov v. McSwain,* Civ. No. 15-1170 (ECF nos. 38–39, as amended, 52–53). Those agents, however, enjoyed qualified immunity, a doctrine that enables and indeed requires the Court to dispose of claims at the motion to dismiss stage. And Goldman here is alleged to have known its allegations were false, whereas the agents, who were not firsthand witnesses, might plausibly claim that they had little choice but to rely on Goldman's statements. *See id.*

(CIR Op. 28)

I did not overlook my opinion in *McSwain,* or rule inconsistently. The distinctions, as I stated, are (a) that the *McSwain* agents, unlike Goldman, enjoy qualified immunity, and (b) that Goldman is alleged to have knowingly supplied them with false information, which they relied on as the basis for the prosecution.

The court is well aware that probable cause has been termed an objective inquiry. That doctrine is used, for example, to justify the actions of the police on the basis of the objective facts, even if they secretly harbored some other motivation. *See, e.g., Whren v. Brown,* 517 U.S. 806 (1996) (objective probable-cause factual basis to stop car for a traffic infraction was not undermined by the officers' subjective intent to look for evidence of another crime).

As overlooked authority, Goldman cites *Rothstein v. Carriere,* 373 F.3d 275 (2d Cir. 2004). *Rothstein* was a post-trial challenge to a conviction based on allegedly faulty jury instructions, not a motion to dismiss. At any rate, nothing in *Rothstein* suggests that an allegedly lying witness is insulated from liability because the investigating officer believed the witness, thereby creating

3

"objective" probable cause. The thrust of *Rothstein* is that even an allegedly lying witness may be off the hook if the objective facts independently establish probable cause:

> If the criminal prosecution was otherwise supported by probable cause, for example, the malicious prosecution claim is unavailable, even if the accuser lied. Similarly, if the criminal proceeding was initiated by someone else, the claim is unavailable, again, even if the accuser lied. These limitations on the cause of action were not designed to protect false accusers, but rather to ensure that truthful ones are not discouraged from coming forward.

*Id.* at 295. That holding is intertwined with the causation element of the malicious prosecution tort, which requires that the allegedly lying witness was responsible for "initiating" the prosecution. As I stated in the CIR Opinion, that is an element that must be proven:

> As an allegation, that is sufficient; nothing more is required at this stage. Such issues as whether Goldman's information was in fact the cause of the prosecution, whether the prosecutors' decisions broke the chain of causation, and so on, are factual disputes. They must await discovery and summary judgment or trial.

(CIR Op. 28) Such an allegation may not pan out at trial; where "the criminal charge is the culmination of a lengthy investigation involving various sources of evidence," it may be that the witness is not responsible, in a causal sense, for "initiating" the prosecution. *Rothstein*, 373 F.3d at 295. But, as I stated, "[a]s an allegation, [it] is sufficient."

Nothing in my CIR Opinion is inconsistent with these statements from *Rothstein*. The CIR alleges that knowingly false statements by Goldman were the very substance and foundation of the criminal charges. Once again, these are *allegations* only. But as allegations, they suffice under a Rule 12(b)(6) standard.

4

## ORDER

Accordingly, IT IS this 15th day of February, 2017,

ORDERED that Goldman's motion for reconsideration (ECF no. 316) is DENIED.

_____
**KEVIN MCNULTY**
**United States District Judge**