# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SERGEY ALEYNIKOV,**<br><br>    Plaintiff,<br><br>    v.<br><br>**THE GOLDMAN SACHS GROUP, INC.,**<br><br>    Defendant. | Civ. No. 12-05994 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This is a long running case between Sergey Aleynikov and Goldman Sachs Group ("GSG"), the parent company of his former employer. I previously granted GSG's motion for judgment on the pleadings as to Mr. Aleynikov's claims and denied Mr. Aleynikov's cross-motion. (DE 372, 373.) Counterclaims remain. Now, Mr. Aleynikov moves, pursuant to Federal Rule of Civil Procedure 54(b), to convert that order to an appealable, final decision. (DE 399.) GSG does not oppose the motion. (DE 400.) For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

The background is more fully set out in a prior opinion. *Aleynikov v. Goldman Sachs Grp., Inc.* (*Rule 12(c) Op.*), Civ. No. 12-5994, 2018 WL 1919834, at *1–3 (D.N.J. Apr. 23, 2018). As relevant here, Mr. Aleynikov faced federal, then state, criminal prosecution for allegedly transferring source code out of GSG. *Id.* at *1. He brought this action seeking legal fees from GSG, alleging that GSG's bylaws promised fees to "officers," and that he qualified as an "officer" by virtue of his title as vice president. *Id.* at *1–2. (I will call the claims for attorney's fees the "original claims.")

GSG counterclaimed, based on Mr. Aleynikov's alleged theft of computer code, alleging breach of contract, misappropriation of trade secrets, and conversion. *Aleynikov v. Goldman Sachs Grp., Inc.* (*SJ Op.*), Civ. No. 12-5994,

2013 WL 5739137, at *2 (D.N.J. Oct. 22, 2013). Mr. Aleynikov asserted counterclaims-in-reply, of which malicious prosecution, abuse of process, and tortious interference remain (I will refer to these and GSG's counterclaims together as the "counterclaims"). *See Aleynikov v. Goldman Sachs Grp., Inc.* (*Counterclaim Op.*), Civ. No. 12-5994, 2016 WL 6440122, at *2 (D.N.J. Oct. 28, 2016).

On the original claims for fees, I granted partial summary judgment in Mr. Aleynikov's favor, holding that he was entitled to advancement of certain fees under a Delaware statute. *SJ Op.*, 2013 WL 5739137, at *22–22. The issues depended on interpretation of the corporate bylaws, and I relied in part on the Delaware doctrine of *contra proferentem*, which provides that ambiguities in bylaws are construed in favor of the non-drafting party, here, Mr. Aleynikov. *Id.* at *18–20. In a 2–1 panel decision (Judge Fuentes dissented), the Third Circuit reversed and remanded, holding that, under its interpretation of Delaware law, (1) fact issues remained as to whether Mr. Aleynikov qualified as an "officer" under the bylaws, and (2) *contra proferentem* was inapplicable. *Aleynikov v. Goldman Sachs Grp., Inc.* (*Appeal Op.*), 765 F.3d 350 (3d Cir. 2014).

Mr. Aleynikov then brought a separate action in Delaware Chancery Court, seeking legal fees incurred in the distinct context of defending against GSG's counterclaims. *Rule 12(c) Op.*, 2018 WL 1919834, at *3. That court expressed skepticism of the Third Circuit's interpretation of Delaware law, but felt bound by issue preclusion to apply it. Following a bench trial, the Delaware court applied the Third Circuit interpretations of Delaware law and found that Mr. Aleynikov had not met his burden to show that he was an officer for these purposes. The Delaware Supreme Court affirmed. *Id.*

Back in this Court, GSG and Mr. Aleynikov each moved, pursuant to Rule 12(c), for judgment on the pleadings as to Mr. Aleynikov's claims for advancement of fees, *i.e.*, the original claims. *Id.* Because the Delaware court had held a trial on the "officer" issue, GSG argued that the Delaware court's

2

decision had to be given preclusive effect. *Id.* at *5. I agreed, granted GSG's motion, and denied Mr. Aleynikov's. *Id.* at *9.

Mr. Aleynikov asks that I convert my order granting judgment on the pleadings as to the original claims into a final judgment, which he can appeal. *See* Fed. R. Civ. P. 54(b). The counterclaims remain to be dealt with separately.

## II. DISCUSSION

Generally, a litigant may appeal only a final decision of the district court. 28 U.S.C. § 1291; *Def. Distrib. v. Att'y Gen. of N.J.*, 972 F.3d 193, 198 (3d Cir. 2020). An order granting judgment on the pleadings as to some, but not all claims, is not "final." *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 751 F.3d 150, 156 (3d Cir. 2014). But Fed. R. Civ. P. 54(b) allows a district court to convert such a partial order into a final, appealable decision. *Id.*

Rule 54(b) "requires that a district court first determine whether there has been an ultimate disposition on a cognizable claim for relief," *i.e.*, whether there is a "final judgment" on *that* claim. *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (quotation marks and citation omitted). If there is, the court decides "whether there is any just reason for delay, taking into account judicial administrative interests as well as the equities involved." *Id.*

That threshold finality requirement is satisfied here. For Rule 54(b) purposes, an order is final when it "end[s] the litigation on the merits" as to a specific claim in a multi-claim action. *Gerardi v. Pelullo*, 16 F.3d 1363, 1369 (3d Cir. 1994) (citation omitted); *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153–54 (3d Cir. 1990). Orders granting judgment on the pleadings are final as to those claims. *See Mele v. Fed. Rsrv. Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004). Because there is nothing left to do on the original claims besides execute the judgment, they can be "dispatch[ed]" to the Court of Appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Next, the Third Circuit has identified factors to consider when deciding whether there is "just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims;

3

> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citation omitted) (formatting altered). I apply those five factors as follows.

First, the adjudicated original claims are distinct from the unadjudicated counterclaims. The former relate to the interpretation of GSG's bylaws, while the latter relate to Mr. Aleynikov's alleged crimes and the investigation thereof. In other words, the original claims involve narrow contract interpretation issues as to Mr. Aleynikov's position at GSG as it relates to the issue of advancement of fees under a Delaware statute and the bylaws; the counterclaims, by contrast, involve a separate sequence of events and tort claims arising therefrom. The two can proceed on separate tracks.

Second, there are no likely future developments in this Court that will moot appellate review of the original claims. The counterclaims' resolution will not impinge on the legal issues underlying the original claims.

Third, because the original claims and counterclaims are distinct, the Third Circuit will not have to reconsider issues decided by an appeal of the original claims in a later appeal of the counterclaims.

Fourth, there is no set-off, at least in the current state of affairs. The original claims were dismissed. Any such issues will be moot in the case of affirmance and can be addressed in the event of reversal.

Fifth, administrative concerns support allowing an immediate appeal. An appeal relating to the original claims will not delay proceedings on the counterclaims, as the parties appear to agree. They have submitted a

consensual discovery schedule for the counterclaims, which the Court so-ordered. (DE 398.)

The Third Circuit could adhere to its prior decision as law of the case, apply it to this Rule 54(b) appeal, and affirm. That will dispose of the issue in one way. On the other hand, it could revisit the reasoning of its prior decision, given the unusual paths this case has taken. As an appeal reversing summary judgment and finding an issue of fact, that ruling was in some sense provisional, and the Court might revisit the law of the case in light of the Delaware court's evolving view of applicable Delaware law.

I express no view, and do not presume to handicap litigants' chances on appeal. My only point is that, *either* way, an immediate appeal is likely to streamline the case by disposing of an important yet severable component.

Thus, I expressly determine that there is no just reason for delay.

### III.   CONCLUSION

For the reasons set forth above, Mr. Aleynikov's Rule 54(b) motion is granted. A separate order will issue.

Dated: April 14, 2021

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

5